# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| MITZI J. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | **Judge** |
| | ) | **Magistrate Judge** |
| SUMNER COUNTY BOARD OF | ) | |
| EDUCATION d/b/a SUMNER COUNTY | ) | |
| SCHOOLS, | ) | **Jury Demand** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

For her Complaint against Defendant Sumner County Board of Education d/b/a Sumner County Schools ("Defendant"), Plaintiff Mitzi J. Sanders ("Ms. Sanders") states:

## PARTIES

1.      Ms. Sanders is a citizen and resident of Gallatin, Sumner County, Tennessee, and an employee of Defendant.

2.      Defendant is a public entity organized under the laws of the state of Tennessee that operates the public school system in Sumner County, Tennessee.  At all relevant times Defendant employed over 4,000 individuals.  Defendant's principal place of business is at 695 East Main Street, Gallatin, Tennessee 37066.  Defendant may be served with process through its Director of Schools, Del R. Phillips III, at 695 East Main Street, Gallatin, Tennessee 37066.

## JURISDICTION AND VENUE

3.      This is an action for equitable relief and damages for unlawful employment practices brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"), and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq*.

("THRA"). The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

4.     Ms. Sanders has met all conditions precedent to the filing of this Complaint. She timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on October 21, 2022. The EEOC mailed her a Notice of Right to Sue on March 10, 2023.

## FACTS

5.     Ms. Sanders is a 65-year-old female who has been employed by Defendant at its Beech High School in Hendersonville, Tennessee, since 2017 and as a full-time resource assistant since 2018.

6.     Ms. Sanders owned and operated an award-winning hair salon in Sumner County, Tennessee, for 30 years. She is a licensed Tennessee cosmetology instructor with hundreds of hours of cosmetology course credits who has created detailed cosmetology lesson plans and curricula. At her salon, Ms. Sanders taught both adults and high school students cosmetology. She had also taught cosmetology to adults and high school students for many years at Castner Knott department store.

7.     In April 2021, Ms. Sanders applied for an available cosmetology instructor position at Defendant's White House High School. She then interviewed for the job in May 2021 and was advised that she did very well in the interview.

8.     Nevertheless, Defendant hired Kimberly Arnett, who is approximately 15 years younger than Ms. Sanders, for the cosmetology instructor position at White House High School.

9.     Ms. Arnett was not nearly as qualified for the job as Ms. Sanders. Unlike Ms. Sanders, Ms. Arnett had not taken and passed the Tennessee Board of Cosmetology and Barber

2

Examiners ("Board") exam, or taken certain required courses, or obtained the required cosmetology instructor license at the time that Defendant hired her for the cosmetology instructor position at White House High School. This was the reason that Defendant had posted the White House job as available in the first place, even though Ms. Arnett had served or was serving as an interim cosmetology instructor while the former cosmetology instructor at White House, Tiffany Coates, was on maternity leave (Ms. Coates elected not to return to the job following maternity leave).

10.  In May 2022, Ms. Sanders again applied for another available cosmetology instructor position, this time at Defendant's Gallatin High School. Before it interviewed her, Defendant called Ms. Sanders and other candidates to ensure that they were licensed Tennessee cosmetology instructions, which Ms. Sanders was. Ms. Sanders then had a 2.5-hour interview with Gallatin High School Principal Ron Becker and Assistant Principal Johnny Anderson in May 2022.

11.  During the interview, Ms. Sanders brought detailed program and classroom/lesson plans approved by the state of Tennessee and copies of her credentials for Defendant. She assured Mr. Becker and Mr. Anderson that she wanted to work as a cosmetology instructor for many more years, that teaching cosmetology to both adults and high school students had been her passion for many years and still was, that she was in good health, and that she had no plans to retire. She further advised them that she lived in Gallatin, just three miles from Gallatin High School.

12.  During the interview, Mr. Becker commended Ms. Sanders on how well-prepared she was for the interview, how well-qualified she was for the cosmetology instructor position, and on the cosmetology knowledge and program plans that she shared in the interview. Mr. Becker further stated that the fact that Ms. Sanders did not have school-aged children at home was a

positive factor in that she would be less likely to have to miss days of work to be home with children. He further advised her that her interview had gone very well and that she could expect to hear back from him soon. Both Mr. Anderson and Mr. Becker took extensive notes during the interview with Ms. Sanders.

13. Nevertheless, Defendant through Mr. Anderson and/or Mr. Becker hired Jennifer Grainger, who is approximately 21 years younger than Ms. Sanders, for the cosmetology instructor position at Gallatin High School in May 2022.

14. The individual(s) who made the decision not to hire Ms. Sanders for the available cosmetology instructor position at Gallatin High School in May 2022, Mr. Anderson and/or Mr. Becker, were not the individual(s) who had made the decision to hire her for the different position of resource assistant at Beech High School in 2017 or 2018, Principal Kenneth Powell and/or Assistant Principal Steve Shephard. Ms. Sanders' administrators at Beech High School recognized and acknowledged her experience, qualifications, and desire to be a cosmetology instructor and encouraged her to apply for the cosmetology instructor positions that became available with Defendant.

15. Ms. Grainger was not nearly as qualified for the cosmetology instructor position as Ms. Sanders. Unlike Ms. Sanders, Ms. Grainger had not taken and passed the Board exam, or taken certain required courses, obtained the required cosmetology instructor license, or taught cosmetology at the time that Defendant hired her for the cosmetology instructor position at Gallatin High School in May 2022.

16. Defendant knew that Ms. Grainger was not properly licensed for the cosmetology instructor position and, after it hired her for that position, had her using the license number of Ms. Moyher, who was at Portland High School, and/or its other cosmetology instructors at other high

4

schools.  Defendant also took steps to get Ms. Grainger enrolled in a program at Tennessee State University so that she could eventually become a properly licensed cosmetology instructor.

17.     In or about early August 2022, Defendant's Supervisor of Career & Technical Education ("CTE"), Chase Moore, held a meeting at Gallatin High School so that Defendant's three current cosmetology instructors, Connie Moyher, Amber Cornell, and Kimberly Arnett, could meet the newly hired Ms. Grainger.

18.     During the early August 2022 meeting, Ms. Grainger expressed to those in attendance her surprise at receiving the cosmetology instructor position at Gallatin High School. She stated that she had no idea how she got the job, that she was not licensed as a cosmetology instructor, and that she had not been to cosmetology school and could not begin going until March or April of 2023.  She stated that she believed the reason she got the job was because Mr. Anderson did not want any other person to have it and that Mr. Anderson insisted that she take the job.

19.     Upon information and belief, beginning in August 2022, Defendant illegally and/or improperly had Ms. Grainger use one or more of its licensed cosmetology instructors' license numbers in order to work as the cosmetology instructor at Gallatin High School.

20.     Ms. Sanders was also aware that the cosmetology instructor at Defendant's Portland High School, Connie Moyher, was planning to retire at some point.  Ms. Moyher advised Ms. Sanders at a state continuing education class they attended that is required for instructors to maintain their licenses that she would love for Ms. Sanders to take her position whenever she did decide to retire, but due to Ms. Sanders' age, she did not believe Defendant would hire her because Defendant looks for younger individuals to fill its cosmetology instructor positions.

21.     On March 5, 2022, Ms. Moyher had Ms. Sanders serve as a judge and score students in a cosmetology competition based upon Ms. Sanders' cosmetology-related qualifications and her years of experience as a licensed cosmetology instructor.

22.     After being passed over a second time for a job for which she was plainly the most qualified candidate and hearing about Ms. Grainger's admissions and statements at the early August 2022 meeting, Ms. Sanders contacted Robyn Beaver in Defendant's Human Resources office in early August 2022, and reported that she believed that she had been discriminated against because of her age, 65, in not being hired for the cosmetology instructor positions.

23.     Ms. Beaver advised Ms. Sanders to call Mr. Moore about her concerns of age discrimination.

24.     Ms. Sanders called Mr. Moore and left him a voicemail message about the matter and asked him to call her back.  Mr. Moore never returned Ms. Sanders' call.

25.     Ms. Sanders then called Mr. Moore's supervisor, Director of Human Resources Craig Ott, the same day, left him a voicemail message about the matter, and asked him to call her back.  Mr. Ott never returned Ms. Sanders' call, either.

26.     Ms. Sanders further attempted to locate Mr. Moore and Mr. Becker at Gallatin High School to discuss her concerns, to no avail.  She was eventually able to speak to Mr. Anderson and report her concerns to him, in addition to Human Resources.

27.     Instead of retuning Ms. Sanders' call, Mr. Moore appeared, unannounced, at Beech High School and angrily confronted Ms. Sanders' daughter, Amber Cornell, who is and has been the cosmetology instructor at Beech High School for over seven years.

28.     Mr. Moore made retaliatory statements to Ms. Cornell in front of some of her students, including that what had happened with the cosmetology instructor positions at White

House and Gallatin High Schools with her mother (Ms. Sanders) not being hired, and Ms. Arnett and Ms. Grainger being hired instead, was "none of [Ms. Cornell's] business."

29.     Ms. Cornell advised Mr. Moore that she did not want Defendant's unlicensed cosmetology instructors, including Ms. Grainger, using her (Ms. Cornell's) cosmetology instructor license number while working for Defendant because it would be illegal and could affect Ms. Cornell's standing and licensure with the state of Tennessee.

30.     Mr. Moore attempted to dissuade Ms. Cornell from reporting Defendant's, Ms. Grainger's, and Mr. Moore's above-described conduct and further attempted to bribe her by telling her that the district had substantial funding and that he could get her additional equipment if she did not escalate her concerns.  Ms. Cornell nevertheless reported what Mr. Moore had said and done to the administration at Beech High School and her concerns about Ms. Grainger using her and/or others' license numbers to the Board.

31.     Defendant treated Ms. Sanders differently and less favorably in the terms, conditions, and privileges of employment than similarly situated, substantially younger and less qualified individuals.

32.     Defendant's alleged reason for not hiring Ms. Sanders for the available cosmetology instructor position at Gallatin High School in May 2022 was a pretext for unlawful age discrimination.

### Claim for Failure to Hire and/or Promote in May 2022, in Violation of the ADEA and THRA

33.     As described above, Ms. Sanders was significantly better qualified for the available cosmetology instructor position at Gallatin High School in May 2022 than the other candidates based on her education, experience, and professional accomplishments, including the substantially younger, less qualified and less experienced Ms. Grainger.

34. As described above, Defendant discriminated against Ms. Sanders in the terms, conditions, and privileges of employment and failed and refused to hire and/or promote her to the available cosmetology instruction position at Gallatin High School in May 2022 because of her age, in violation of the ADEA and the THRA.

35. Defendant's conduct as described in this Complaint was willful, entitling Ms. Sanders to liquidated damages under the ADEA.

36. As a direct result of Defendant's discriminatory conduct, Ms. Sanders has lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life; and incurred attorneys' fees, costs and litigation expenses.

## RELIEF REQUESTED

WHEREFORE, Ms. Sanders respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life;

4. Front pay and damages for lost benefits;

5. Liquidated damages;

6. Attorneys' fees, costs and litigation expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted,


s/Douglas B. Janney III
Douglas B. Janney III (TN BPR No. 19112)
Law Office of Douglas B. Janney III
5115 Maryland Way
Brentwood, Tennessee 37027
(615) 742-5900
doug@janneylaw.com

Attorney for Plaintiff